STEWART F. SEIBOLD et al., respondents,

*v.*

LAKE INTERVALE CORPORATION, a corporation of the State of New Jersey, and INTERVALE HOLDING CORPORATION, a corporation of New Jersey, et al., appellants.

[Argued October term, 1946. Decided February 3d, 1947.]

*Mr. Abraham M. Herman,* for the appellants.

*Mr. Oliver K. Day,* for the respondents.

The opinion of the court was delivered by

BODINE, J.

This is a foreclosure case. The mortgage covered a large tract of land divided into lots.

The appeal is from an order entered in the Court of Chancery on April 20th, 1946, amending a final decree of April 13th, 1945, amending a *fieri facias,* dismissing exceptions to the master's report filed on January 28th, 1946, and confirming the master's report dated April 6th, 1946, as modified and confirming the sale of the property made by the sheriff of Morris County on July 30th, 1945.

The bill of foreclosure was filed on October 20th, 1944, and there was a decree *pro con.* The present appellants filed a petition setting forth that certain of the lots affected by the foreclosure were held for the benefit of certain other persons

and that the complainant had agreed to accept defendants' pleadings as of time but proceeded to final decree.

A rule to show cause was issued and on June 14th, 1945, the decree *pro con* and a final decree thereafter issued were opened so that the petitioner could file an answer within ten days. In the meantime, there had been the sale referred to. How the order under appeal became necessary is not clear because there is no memorandum with the papers.

The respondents suggest at the close of their brief, that if this court is of the opinion that the *cestuis que trust* should be made parties defendant and that a resale in inverse order of alienation should be decreed, then the complainants should be secured in their bid of $9,000 by a proper bond, as was done in *Avon-By-The-Sea* v. *Finn, 56 N. J. Eq. 808.*

The situation in the *Finn Case* is almost parallel. That was a land development; some of the lots had been sold and some had not. There was a sale in bulk. Vice-Chancellor Emery said: "I think that a resale should be made in order to give an opportunity to sell in parcels, but this resale should only be upon proper terms as to securing complainant. The property as now sold, and in bulk, has produced the entire amount of complainant's decree, and while it seems probable that a sale in parcels would produce more than a sale in bulk, and this method should have been first tried, yet the result of a sale in parcels is, from the present standpoint, after all, a matter of opinion or judgment only, and the complainant should not be put to the risk, that on the resale in parcels the property will bring less than her decree, with all costs and interests."

The sheriff in the case before us should have, in the first instance, proceeded in the above manner.

The question as to proper parties is not raised in such manner that we can determine it. It should be settled, however, by proper proceedings so that the title at foreclosure sale may be certain.

The decree will be reversed to the end that, upon properly securing the complainants in their bid such further proceedings may be taken not inconsistent with this opinion.

The order under appeal is reversed, without costs.

*For affirmance*—THE CHIEF-JUSTICE, DONGES, EASTWOOD, RAFFERTY, JJ. 4.

*For reversal*—PARKER, BODINE, PERSKIE, COLIE, WACHEN-FELD, WELLS, DILL, FREUND, McLEAN, JJ. 9.

*For concurrence in result*—HEHER, McGEEHAN, JJ. 2.